UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

T. L. R. (XXX-XX-3180)                        CIVIL ACTION NO. 10-cv-1135

VERSUS                                        JUDGE STAGG

U.S. COMMISSIONER SOCIAL                      MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

**Introduction**

Plaintiff, who was born in 1961 and has past work experience as an insurance agent and staff manager, applied for disability benefits. ALJ Larry J. Butler conducted a hearing and issued a written decision that denied the claim. The Appeals Council denied a request for review, and Plaintiff filed this civil action to seek judicial review of that final decision. Her principal issue is that her limited ability to engage in fingering (fine manipulation) affected the range of available sedentary jobs and required the testimony of a vocational expert to meet the Commissioner's step-five burden. For the reasons that follow, it is recommended that the decision be reversed and the case be remanded.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920 (parallel regulations governing claims for Supplemental Security Income) and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). He found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date (step one), and that she suffered from osteoarthritis and degenerative disc disease, which are severe impairments (step two) but not to the degree that they meet or equal one of the listed impairments (step three) in the regulations.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC"). He stated at the beginning of the discussion that he found Plaintiff had the RFC to perform the full range of sedentary work. He then proceeded to make findings that Plaintiff could lift, carry, walk, stand, and sit to degrees characteristic of light work. He added, however, that Plaintiff could only frequently (from one-third to two-thirds of the time) balance and occasionally (from very little up to one-third of the time) climb, stoop, kneel, crouch and crawl. He also found: "She can frequently finger (fine manipulation) and otherwise has unlimited bilateral manual dexterity." Tr. 11. This was consistent with a finding of a state agency medical consultant

that fingering was limited to frequently, apparently based on decreased joint space in the hands. Tr. 178, 180.

The ALJ found at step four that Plaintiff's RFC did not permit her to perform the demands of her past relevant work. He then proceeded to step five, which asks whether the claimant is capable of performing other jobs that exist in significant numbers in the economy. The Commissioner may meet his burden of proof at this step by looking to the Medical Vocational Guidelines found at 20 C.F.R. §404, Sub-part P, Appendix 2. The Commissioner may rely <u>exclusively</u> on the Guidelines if (1) the claimant suffers only from exertional impairments or (2) the claimant's nonexertional impairments do not significantly affect his RFC. <u>Id</u>. § 404.1569; <u>Fraga v. Bowen</u>, 810 F.2d 1296, 1304 (5th Cir. 1987). If nonexertional impairments do significantly affect the plaintiff's RFC, the Commissioner may look to the Guidelines for <u>guidance</u> but must also look to expert vocational testimony or other similar evidence to meet his burden of proving that such jobs exist. <u>Fraga</u>, <u>supra</u>.

The ALJ repeated, as he began the step-five analysis, that Plaintiff had an RFC for the full range of sedentary work. Given that RFC, and considering Plaintiff's age, education, and work experience, Medical Vocational Rule 201.21 directed a finding of not disabled. Tr. 13-14.

Plaintiff argues in her appellate brief that the various postural limitations (balance, climb, etc.) and the limitation of bilateral fingering to frequently was inconsistent with the finding of an ability to perform the full range of sedentary work. Plaintiff conceded in her reply brief, however, that the postural limitations have no more than a minimal impact on the

ability to perform the full range of sedentary work, so the focus is on the limitation of fingering to frequently.

Social Security Ruling 85-15 discusses the impact of various non-exertional impairments. It specifically discusses fingering in the following passage:

> Reaching, handling, fingering, and feeling require progressively finer usage of the upper extremities to perform work-related activities. Reaching (extending the hands and arms in any direction) and handling (seizing, holding, grasping, turning or otherwise working primarily with the whole hand or hands) are activities required in almost all jobs. Significant limitations of reaching or handling, therefore, may eliminate a large number of occupations a person could otherwise do. Varying degrees of limitations would have different effects, and the assistance of a VS may be needed to determine the effects of the limitations. *"Fingering" involves picking, pinching, or otherwise working primarily with the fingers. It is needed to perform most unskilled sedentary jobs* and to perform certain skilled and semiskilled jobs at all levels of exertion. *As a general rule, limitations of fine manual dexterity have greater adjudicative significance — in terms of relative number of jobs in which the function is required — as the person's exertional RFC decreases. Thus, loss of fine manual dexterity narrows the sedentary and light ranges of work much more than it does the medium, heavy, and very heavy ranges of work. The varying degrees of loss which can occur may require a decisionmaker to have the assistance of a VS.* However, a VS would not ordinarily be required where a person has a loss of ability to feel the size, shape temperature, or texture of an object by the fingertips, since this is a function required in very few jobs. (emphasis added).

The Commissioner points out that Plaintiff had no limitations in reaching and handling, and her fingering limitation excludes only constant fingering, the most demanding category. That is correct, but we are addressing sedentary work, where the ruling suggests a loss of fine manual dexterity has the greatest impact and that the varying degrees of loss may require assistance of a vocational specialist or vocational expert. The ALJ appeared to assume that his findings were consistent with the ability to perform the full range of

sedentary work, but Ruling 85-15 gives rise to a question as to whether that is correct. The ruling indicates the potential for a significant effect on the availability of sedentary jobs when fingering is limited. There may be jobs available given Plaintiff's limitations and other factors, but the court cannot find on this record that the conclusion is supported by substantial evidence. A remand will allow the Agency to reassess the issue and consider requesting an opinion from a vocational expert.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded for further proceedings consistent with the court's opinion.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of August, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE